# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE LEE BELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-376-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury found Jesse Lee Bell guilty of four counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act" robbery); one count of attempted interference with commerce by robbery in violation of Sections 2 and 1951; one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of Sections 2 and 924(c)(1)(A)(ii); four counts of using, carrying, and brandishing a firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10127

during and in relation to a crime of violence in violation of Sections 2 and 924(c)(1)(C)(i); and one count of felon in possession of a firearm in violation of Sections 922(g)(1) and 924(a)(2).

Six months after trial but before sentencing, Bell moved to dismiss the five counts in his superseding indictment stemming from Section 924(c) and to vacate the jury's guilty verdicts as to those counts. In support of the motion, Bell argued that his Hobbs Act robbery offenses did not qualify as crimes of violence for purposes of Section 924(c). The district court denied the motion.

On appeal, Bell argues that his robbery offenses do not qualify as crimes of violence. Consequently, the Section 924(c) counts in his indictment failed to state an offense, and the district court should have dismissed the five Section 924(c) counts and vacated the jury verdicts as to those counts. His arguments rest on the following, both of which he must show to prevail: (1) the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and (2) Section 1951(a) robbery offenses are not categorically crimes of violence under Section 924(c)(3)(A) because they can be accomplished in ways that do not require violent physical force.

We review Bell's claims for plain error. *See United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014). We recently held that 18 U.S.C. § 16(b) remains constitutional in the wake of *Johnson. United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *petition for cert. filed,* (Sept. 29, 2016) (No. 16-6259). We agree with a later non-precedential opinion that because Section 16(b) and Section 924(c)(3)(B) are materially identical, there is no merit in arguing that Section 924(c)(3)(B) was rendered unconstitutional by *Johnson. United States v. Davis*, ___ F. App'x ____, 2017 WL 436037, at *2 (5th Cir. Jan. 31. 2017). Although the Supreme Court recently granted

certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), to consider whether Section 16(b) is unconstitutionally vague in light of *Johnson*, our own precedent controls unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986).

We also recently held that Hobbs Act robbery satisfies Section 924(c)(3)(A)'s crime-of-violence definition.  *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017).  Bell's argument as to Section 924(c)(3)(A) is foreclosed.

Bell cannot show error, plain or otherwise, in the characterization of his robbery offenses as crimes of violence under Sections 924(c)(3)(A) or (B).

AFFIRMED.