# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEUNDRAE LYDELL MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-376-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury found Deundrae Lydell Miller guilty of four counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act" robbery); one count of attempted interference with commerce by robbery in violation of Sections 2 and 1951; one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of Sections 2 and 924(c)(1)(A)(ii); four counts of using, carrying, and brandishing a firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10144

during and in relation to a crime of violence in violation of Sections 2 and 924(c)(1)(C)(i); and one count of felon in possession of a firearm in violation of Sections 922(g)(1) and 924(a)(2). The convictions stemmed from robberies occurring in 2014, specifically on June 2, 4, 7, 19, and 24.

Miller raises two issues on appeal. First, he argues that the district court abused its discretion in failing to grant a mistrial during his joint trial with a non-testifying co-defendant, Jesse Lee Bell. Miller moved for a mistrial after a Government witness testified about a statement made by Bell that inculpated Miller in the robbery occurring on June 2, 2014. Miller bases his argument on *Bruton v. United States*, 391 U.S. 123, 126 (1968), in which the Supreme Court held that the Sixth Amendment's Confrontation Clause is violated when, during a joint trial, a non-testifying co-defendant's confession is used to inculpate the defendant. Miller contends that the sole evidence of his presence at the June 2 robbery was the testimony concerning Bell's statement.

Because the Government concedes constitutional error, we address only whether the error was harmless beyond a reasonable doubt "in light of the other evidence presented at trial." *United States v. Powell*, 732 F.3d 361, 379 (5th Cir. 2013). The testimony regarding Bell's statement was brief and offered by one of the 26 witnesses presented at trial. *Cf. United States v. Schmick*, 904 F.2d 936, 943–44 (5th Cir. 1990). The district court immediately instructed the jurors to disregard the statement completely. *Cf. Bruton*, 391 U.S. at 124–25. Disregarding Bell's statement, there was ample evidence to convict Miller of the June 2, 2014, robbery of a Whataburger restaurant, including, among other things, security video and witness testimony. *See Powell*, 732 F.3d at 379–80. In particular, the evidence showed someone with Miller's features carrying a gun and committing the June 2 robbery. It also established a

No. 16-10144

pattern of Miller committing similar robberies with Bell in June 2014. In fact, Miller does not challenge the evidence accepted by the jury to support his convictions for the four other robberies he committed with Bell at a Whataburger restaurant on June 4, 2014; at a Whataburger restaurant on June 7, 2014; at a Jack-in-the-Box restaurant on June 19, 2014; and at a Whataburger restaurant on June 24, 2014. In light of the foregoing, the district court did not abuse its discretion in denying Miller's motion for a mistrial. *See United States v. Ebron*, 683 F.3d 105, 128 (5th Cir. 2012).

Regarding Miller's second claim, he argues that that his Hobbs Act robbery offenses do not qualify as crimes of violence under Section 924(c); that the Section 924(c) counts in his superseding indictment thus failed to state an offense; and that the district court should have dismissed the five Section 924(c) counts and vacated the jury verdicts as to those counts. His arguments rest on the following, both of which he must show to prevail: (1) the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and (2) Section 1951(a) robbery offenses are not categorically crimes of violence under Section 924(c)(3)(A) because they can be accomplished in ways that do not require violent physical force.

We review Miller's claims for plain error. *See United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014). We recently held that 18 U.S.C. § 16(b) remains constitutional in the wake of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *petition for cert. filed,* (Sept. 29, 2016) (No. 16-6259). We agree with a later non-precedential opinion that because Section 16(b) and Section 924(c)(3)(B) are materially identical, there is no merit in arguing that Section 924(c)(3)(B) was rendered unconstitutional by *Johnson*. *United States v. Davis*, ___ F. App'x ____, 2017

No. 16-10144

WL 436037, at *2 (5th Cir. Jan. 31. 2017). Although the Supreme Court recently granted certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), to consider whether Section 16(b) is unconstitutionally vague in light of *Johnson*, our own precedent controls unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986).

We also recently held that Hobbs Act robbery satisfies Section 924(c)(3)(A)'s crime-of-violence definition. *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017). Miller's argument as to Section 924(c)(3)(A) is foreclosed.

In light of the foregoing, Miller cannot show error, plain or otherwise, in the characterization of his robbery offenses as crimes of violence under Sections 924(c)(3)(A) or (B).

AFFIRMED.