# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10822

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NATHANIEL BOWENS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Nathaniel Bowens was tried and convicted of various crimes committed during robberies of wireless-telecommunications stores in the Dallas-Fort Worth area.  On appeal, Bowens raises three issues.  First, he contends that the evidence was insufficient to support his conviction of using a firearm in furtherance of Hobbs Act robbery under an aiding-and-abetting theory of liability (count four).  Second, Bowen maintains that we should vacate his

No. 17-10822

sentence on his subsequent 18 U.S.C. § 924(c) conviction (count six) because the evidence was insufficient to support his conviction on the predicate § 924(c) conviction (count four).  Third, he asserts, contrary to circuit precedent, that Hobbs Act robbery does not qualify as a crime of violence ("COV") predicate, which is required for his § 924(c) convictions.  We find no error and affirm.

I.

Bowens was convicted of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012) (count one); interference with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (counts three and five); using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a COV, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (count four); and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a COV, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(C)(i) (count six).

Bowens and others robbed several retail stores in the Dallas-Fort Worth area between October 2015 and December 2016.  Two men would enter a wireless-telecommunications store when there were likely to be few customers.  The robbers would use masks and gloves to cover their faces and hands.  Because of this, witnesses at the various robberies were only able to identify the individuals as African-American males.  During the robberies, at least one of the perpetrators would carry a handgun, and they would generally move any persons toward the back of the location.  The robbers would then fill trash bags with inventory, including mobile smartphones, tablets, and other electronic devices, from a store room in back.  They would also steal money from cash registers, then exit through the rear door, where a vehicle would be waiting.

The specific details of only one robbery are relevant on appeal.  Bowens

2

No. 17-10822

and an associate, Keon Blanks, robbed a T-Mobile store in Fort Worth. Blanks testified about his role and claimed Bowens "had the gun," while he (Blanks) served as "the bagger." When shown a surveillance photograph taken during the robbery, Blanks identified himself as the man wearing a white shirt and Bowens as the man in a black shirt. The photo shows the man in a black shirt holding what seems to be a firearm, while an object, or gesture, in the shape of a handgun appears under the shirt of the man in white.[1]

Although it remains unclear whether both defendants possessed a gun during the robbery (and exactly how many firearms were involved), the jury found Bowens guilty on all five counts. The district court sentenced him to 400 months: 16 months on counts one, three, and five; 84 months on count four, consecutive to the sentences imposed for counts one, three, and five; and 300 months on count six, consecutive to the sentences imposed for counts one, three, four and five.

## II.

Bowens asserts, *inter alia,* that the evidence was insufficient on count four. Because Bowens properly preserved his challenge to sufficiency by moving for judgment of acquittal, we review this issue *de novo. See, e.g., United States v. Read*, 710 F.3d 219, 226 (5th Cir. 2012). In "reviewing the sufficiency of the evidence, [we] view[ ] all evidence . . . in the light most favorable to the

---

[1] Based on the evidence, there is some confusion as to whether both defendants possessed a firearm during the robbery. The store manager, Adrian Ramirez, initially identified Blanks ("the taller, skinnier one" wearing a white shirt) as the man that he remembered possessing the handgun. Ramirez, however, later revised his testimony when shown surveillance photos. Nonetheless, when asked whether he thought "their guns were real," Ramirez replied, "Yes." Additionally, on cross-examination, Bowens's trial counsel asked Blanks, "And you're aware that every one of your codefendants puts the gun with you. Isn't that— Are you aware of that?" Blanks answered, "Somewhat." The attorney then asked, "Somewhat. Okay. But yet you still deny that you've ever owned a gun or ever had access to a gun. Isn't that correct?" Blanks answered, "That is correct."

No. 17-10822

[g]overnment with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997) (citation omitted). "The evidence is sufficient to support a conviction if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted). We do not reevaluate "the weight of the evidence or . . . the credibility of the witnesses."[2]

Bowens also contends that the Hobbs Act robbery charges (counts three and five) may not serve as the COV predicates for his § 924(c) convictions (counts four and six). Because he first raised this issue as part of a motion to dismiss, it was properly preserved for appeal, so we review it *de novo*.[3]

## III.

Bowens was convicted of using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a COV, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (count four). In this case, the COV predicate was Hobbs Act robbery, codified at 18 U.S.C. § 1951(a), which makes it a federal crime, *inter alia*, to "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery."[4] Relatedly, 18 U.S.C. § 2 provides that any individual who "aids" or "abets" an offense against the United States is liable as a principal. As noted

---

[2] *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005) (quoting *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003)).

[3] *See United States v. Flores-Vasquez*, 641 F.3d 667, 669 (5th Cir. 2011) ("This court reviews *de novo* the characterization of a prior offense as a [COV].") ; *United States v. Jennings*, 195 F.3d 795, 797 (5th Cir. 1999) ("Since the issue of whether a crime constitutes a ['COV'] is a matter of statutory interpretation, we review this decision *de novo* . . . .") ; *see also United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996).

[4] The statute defines robbery, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1).

No. 17-10822

in *Standefer v. United States*, 447 U.S. 10, 20 (1980), "[w]ith the enactment of [§ 2], all participants in conduct violating a federal criminal statute are 'principals.' As such, they are punishable for their criminal conduct; the fate of other participants is irrelevant."

A.

The crux of Bowens's claim is that he cannot be guilty of count four on an aiding-and-abetting theory because he was the only person to use, carry, or brandish a firearm during the robbery. He correctly asserts that "[o]ne cannot aid or abet himself." *United States v. Shear*, 962 F.2d 488, 495 n.10 (5th Cir. 1992).

In response, the government highlights circuit caselaw demonstrating that it was not required to prove who was the principal actor. "In a prosecution for aiding and abetting a crime, the [g]overnment need not identify a specific person or group of individuals as the principal."[5] Accordingly, the government also asserts that "rather than instruct the jury to determine who was the principal gunman, it instructed the jury on an aiding and abetting theory, which required the government to prove only that 'some person' used a gun in furtherance of the robbery." Consequently, "the government did not, in its closing argument, ask the jury to find that Bowens specifically carried the gun during the robbery."

A review of this circuit's pattern jury instructions supports the government's position. To convict on count four, the jury was required to find the

---

[5] *United States v. Branch*, 91 F.3d 699, 732 (5th Cir. 1996) (citation omitted); *see also United States v. Campa*, 679 F.2d 1006, 1013 (1st Cir. 1982) ("Proving . . . that a specific person is the principal is not an element of the crime of aiding and abetting. The identity of the principal need not be established . . . . The prosecution need only prove that the substantive offense [has] been committed by someone and . . . the defendant aided and abetted him."); *Hendrix v. United States*, 327 F.2d 971, 975 (5th Cir. 1964)).

following four elements beyond a reasonable doubt:

> *First:* That the offense of using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of a crime of violence, as charged in [c]ount [f]our, was committed by some person in the course of committing the offense of [i]nterference with [c]ommerce by [r]obbery, as alleged in [c]ount [t]hree;
>
> *Second:* That the defendant associated with the criminal venture;
>
> *Third:* That the defendant purposefully participated in the criminal venture; and
>
> *Fourth:* That the defendant sought by action to make that venture successful.

The government presented evidence that was more than sufficient to establish, beyond a reasonable doubt, each of the elements comprising count four.

With respect to the first element, evidence demonstrated that "some person" used and brandished a firearm while interfering with commerce by robbery. Bowens's co-conspirator, Keon Blanks, testified that he and Bowens robbed a T-Mobile store on October 5, 2015. Blanks further maintained that during the robbery "Mr. Bowens had the gun" and that he (Blanks) "was the bagger." Surveillance photos from the robbery show Bowens (in a black shirt) holding what seems to be a firearm, while an object or gesture that looks like a handgun appears under Blanks's white shirt. It remains unclear whether both defendants used, carried, and brandished a firearm during the robbery, but as the government correctly notes, viewed in the light most favorable to the verdict, "a reasonable juror could easily have concluded beyond a reasonable doubt that 'the offense of using, carrying, and brandishing a firearm . . . in furtherance of a [COV] . . . was committed by *some person* in the course of'" the robbery.[6]

---

[6] Bowens also asserts that "the Supreme Court recently refined the scope of aiding and abetting [liability] under § 924(c)." In *Rosemond v. United States*, 572 U.S. 65, 67 (2014),

No. 17-10822

Concerning the second element of count four—that the defendant associated with the criminal venture—Bowens concedes on appeal that he was involved in the October 5, 2015, robbery. This is supported by sufficient evidence, including testimony from Blanks and Ramirez, as well as surveillance photos from inside the store.

Finally, with respect to the last two elements—purposeful participation and seeking by action to make the venture successful—the evidence also adequately supports the jury's finding. Bowens and Blanks purposely entered the store with the intent to steal inventory, including several brand-new cell phones. A weapon was used by either one or both to obtain the merchandise without paying for it, and both, at one point or another, carried a bag full of stolen goods.

Ultimately, Bowens's theory—admitting that he was the principal of the crime for which he was convicted to avoid liability as an accomplice—is too clever by half. Viewed in the light most favorable to the verdict, evidence was more than sufficient to sustain the jury's finding, beyond a reasonable doubt, that Bowens was guilty of aiding and abetting the offense of using a firearm in furtherance of Hobbs Act robbery.

---

the Court held that "the [g]overnment makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Here, and unlike in *Rosemond*, Bowens was fully aware that a gun would be used during the commission of the offense, and "[t]he jury . . . could infer [intent] from [Bowens's] advance knowledge that the plan included a firearm." *Id.* at 79. Furthermore, the *Rosemond* Court maintained that "for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Id.* at 77. Thus, because Bowens purposefully facilitated or encouraged the use of a firearm and had "advance knowledge of [its] presence," the evidence was sufficient to support the jury's finding on the first element. *Id.* at 69, 81.

No. 17-10822

B.

Section 924(c)(1)(C)(i) states, "In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to . . . not less than 25 years . . . ." Bowens maintains that if the evidence was insufficient to support his conviction on the predicate § 924(c) offense (count four), then we must find that this sentencing enhancement was improperly applied to his conviction on count six. Because, however, the evidence was more than sufficient on count four, the sentence under count six was properly enhanced.[7]

IV.

Bowens contends that Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), (b)(1), does not qualify as a COV predicate as defined in § 924(c)(1)(A).[8] The term COV is defined in § 924(c)(3)(A), which "contains both an elements clause and a residual clause." *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *petition for cert. filed* (Oct. 3, 2018) (No. 18-431). Under the elements clause, an offense qualifies as a COV if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Alternatively, under the residual clause, an offense qualifies as a COV if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), the Court held that

---

[7] *Cf. United States v. Chapman*, 851 F.3d 363, 373 (5th Cir. 2017) (finding that "[t]he district court erred in declining to apply the 25-year enhanced penalty to [the] second conviction under § 924(c)").

[8] Section 924(c)(1)(A) provides, in relevant part, "[A]ny person who, during and in relation to any [COV] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such [COV] . . . if the firearm is brandished, be sentenced to . . . not less than 7 years."

No. 17-10822

language identical to that in § 924(c)(3)(B) was unconstitutionally vague.[9] Consequently, we recently found, based on *Dimaya*, that "§ 924(c)'s residual clause is unconstitutionally vague." *Davis*, 903 F.3d at 486. Therefore, to affirm Bowens's convictions on counts four and six, we must find that Hobbs Act robbery qualifies as a COV predicate under § 924(c)(3)(A)'s elements clause.

As the government correctly notes, binding circuit precedent forecloses Bowens's claim that Hobbs Act robbery is not a COV predicate under 18 U.S.C. § 924(c)(3)(A). In *Buck*, we held that "[i]t was not error—plain *or otherwise*—for the district court to classify a Hobbs Act robbery as a [COV]."[10] We have reiterated *Buck* in at least five cases.[11] Accordingly, we reject Bowens's contention that Hobbs Act robbery fails to qualify as a COV predicate.

---

[9] The statute there, 18 U.S.C. § 16(b), provides, "The term ['COV'] means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[10] *Buck*, 847 F.3d at 275 (emphasis added). In determining whether a crime qualifies as a COV, we apply the categorical approach, *see id.* at 274, which requires us to look at the elements of an offense, rather than the specific facts of a case. *See Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004).

[11] *See Davis*, 903 F.3d at 485 ("Whatever arguments may be made opposing Hobbs Act robbery's inclusion under the elements clause as a [COV], *Dimaya* has not affected them, and therefore, *they are foreclosed to us in light of Buck*." (emphasis added)); *United States v. Garcia*, 735 F. App'x 837, 838 (5th Cir. 2018) (per curiam) ("[A]s [the defendant] concedes, our court held in *Buck*, 847 F.3d at 274−75, that Hobbs Act robbery qualifies as a [COV] under the [elements] clause of § 924(c)(3)(A)."), *cert. denied*, No. 18-5847, 2018 U.S. LEXIS 5882 (Oct. 9, 2018); *United States v. Jones*, 854 F.3d 737, 740 n.2 (5th Cir.) (citing *Buck* to support its conclusion that "carjacking is also a [COV] under § 924(c)(3)(A)"), *cert. denied*, 138 S. Ct. 242 (2017); *United States v. Miller*, 681 F. App'x 381, 383 (5th Cir. 2017) (per curiam) ("We also recently held that Hobbs Act robbery satisfies Section 924(c)(3)(A)'s [COV] definition. [*Buck*, 847 F.3d at 274−75]. [The defendant's] argument as to Section 924(c)(3)(A) is foreclosed."); *United States v. Bell*, 680 F. App'x 329, 330 (5th Cir. 2017) (per curiam) ("We also recently held that Hobbs Act robbery satisfies Section 924(c)(3)(A)'s [COV] definition. [*Buck*, 847 F.3d at 274–75]. . . . [The defendant] cannot show error, plain or otherwise, in the characterization of his robbery offenses as [COVs] under Section[] 924(c)(3)(A) . . . .").

This also accords with the position taken by many sister circuits, including the Second,

No. 17-10822

AFFIRMED.

---

Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits. *See*, *e.g.*, *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018), *petition for cert. filed* (Oct. 12, 2018) (No. 18-6302); *United States v. Hill*, 890 F.3d 51, 55–60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir.) ("A conviction under § 1951(b)(1) requires a finding of 'actual or threatened force, or violence, or fear of injury, immediate or future.' Section 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a [COV] under § 924(c)(3)(A)."), *cert. denied*, 137 S. Ct. 2230 (2017); *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir.), *rev'd on other grounds*, 138 S. Ct. 126 (2017); *United States v. Robinson*, 844 F.3d 137, 140–44 (3d Cir. 2016) (finding that Hobbs Act robbery is a § 924(c) COV when the defendant was simultaneously found guilty of brandishing a firearm during the robbery), *cert. denied*, 138 S. Ct. 215 (2017); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 1124 (2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016). All have found arguments like Bowens's to be without merit. *See*, *e.g.*, *Melgar-Cabrera*, 892 F.3d at 1060–66; *Hill*, 890 F.3d at 55–60.