# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIRRON CURTIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-253-2

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Jirron Curtis challenges the constitutionality of his guilty plea conviction for discharging a firearm in furtherance of a crime of violence (COV), in violation of 18 U.S.C. § 924(c)(1)(A), as well as the imposition of a mandatory 10-year sentence. He contends that in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which declared the residual clause in 18 U.S.C. § 16(b) unconstitutional, the similarly worded residual clause in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20801

§ 924(c)(3)(B) is also unconstitutional.  He further argues that his convictions for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), do not qualify as predicate COVs under § 924(c)(3)(A).

We do not address Curtis's plea agreement's waiver of appeal provision because the Government chose not to assert its applicability, instead moving for summary affirmance.  Curtis raises an argument that is foreclosed by *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017), in which we held that Hobbs Act robbery qualified as a COV under § 924(c)(3)(A).  *See United States v. Bowens*, 907 F.3d 347, 353-54 & n.11 (5th Cir. 2018), *petition for cert. filed* (Jan. 22, 2019) (No. 18-7612).   Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.