# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31271
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

DARREN G. LEWIS,

Petitioner-Appellant

v.

CHRIS MCCONNELL,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1003

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Darren G. Lewis, federal prisoner # 47027-177, filed a pro se 28 U.S.C. § 2241 petition in the Western District of Louisiana, where he is currently incarcerated. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Lewis argued that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague and that, therefore, his 84-month consecutive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence for violating 18 U.S.C. § 924(c) by brandishing a firearm during and in relation to a crime of violence could not stand.  The district court dismissed the § 2241 petition for lack of jurisdiction.

Lewis contends that the district court erred in dismissing his § 2241 petition.  He asserts that the remedy provided by 28 U.S.C. § 2255 is inadequate because it cannot be used to bring a claim regarding the reach or meaning of a criminal statute; therefore, he argues, his claim is cognizable in a § 2241 petition because he may have been convicted of a nonexistent offense.  Lewis devotes much of his brief to an attack on the constitutionality of § 924(c)(3)(B).  Our review is de novo.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief."  *Id.*  Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court.  *Id.*  "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion."  *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).  A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

Although the Supreme Court has held that § 924(c)(3)(B) is unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and we have determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion, *see United States v. Reece*, 938 F.3d 630,

No. 18-31271

634-35 (5th Cir. 2019),[1] Lewis has failed to show that his claim meets the requirements of the savings clause. This is so because the predicate for his § 924(c) conviction, a Hobbs Act robbery offense, is categorically a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Bowens*, 907 F.3d 347, 353-54 & nn.10-11 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017).

In view of the foregoing, the district court's dismissal for lack of jurisdiction is AFFIRMED.

---

[1] Lewis has brought *Davis* and *Reece* to our attention by filing letters pursuant to Federal Rule of Appellate Procedure 28(j).