# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2020

Lyle W. Cayce
Clerk

DERRICK DAMON RAINWATER,

Petitioner-Appellant

v.

CHRIS MCCONNELL,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-746

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Derrick Damon Rainwater, federal prisoner # 25805-077, was convicted of six counts of robbery and aiding and abetting, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1951 (the Hobbs Act), and of five counts of using a firearm during a crime of violence (COV) and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1). In the underlying action, Rainwater filed a 28 U.S.C. § 2241 petition in which he claimed that he was entitled to relief from his § 924(c)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), on the theory that those decisions established that the residual clause of § 924(c)(3)(B) was unconstitutionally vague.  He now appeals the district court's dismissal of the § 2241 petition.  Our review is de novo.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Generally, challenges to a sentence's execution are made under § 2241, and challenges seeking to vacate a conviction or sentence are made under 28 U.S.C. § 2255.  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  However, pursuant to the savings clause of § 2255, a petitioner may proceed under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  A prisoner satisfies the savings clause by raising a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Rainwater cannot meet that standard.  His arguments focus on the residual clause of § 924(c)(3)(B).  But those arguments are misplaced because Rainwater's Hobbs Act robbery convictions, which are the predicates for his § 924(c) convictions, are categorically COVs under the elements clause of § 924(c)(3)(A). *See United States v. Bowens*, 907 F.3d 347, 353–54 & nn. 10–11 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019).  Thus, Rainwater has failed to carry his burden to demonstrate the inadequacy of the § 2255 remedy.  *See Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

No. 18-31012

Accordingly, the district court's dismissal of the § 2241 petition is AFFIRMED. Rainwater's request for a remand to the district court is DENIED.