# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2021

Lyle W. Cayce
Clerk

No. 19-31061
Summary Calendar

Brenson Stovall,

*Petitioner—Appellant*,

*versus*

Calvin Johnson, *Warden*, *Federal Correctional Complex Pollock*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-1291

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Brenson Stovall, federal prisoner # 34009-077, was convicted of four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), (b); three counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of brandishing a firearm during a crime of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

violence, in violation of § 924(c)(1)(A)(ii). In the underlying action, Stovall filed a 28 U.S.C. § 2241 petition in which he claimed that he was entitled to relief from his § 924(c) convictions based on *Johnson v. United States*, 576 U.S. 591 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019), on the theory that those decisions established that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. He now appeals the district court's dismissal of the § 2241 petition. Our review is de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Generally, challenges to a sentence's execution are made under § 2241, and challenges seeking to vacate a conviction or sentence are made under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, pursuant to the savings clause of § 2255, a petitioner may proceed under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A prisoner satisfies the savings clause by raising a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Stovall cannot meet that standard. He argues that his Hobbs Act convictions are not COVs under either the definition of § 924(c)(3)(A) (the elements clause) or the definition of § 924(c)(3)(B) (the residual clause) because a Hobbs Act conviction can involve the non-violent offense of extortion. But those arguments are misplaced because Stovall's Hobbs Act robbery convictions, which are the predicates for his § 924(c) convictions, are categorically COVs under the elements clause of § 924(c)(3)(A). *See United States v. Bowens*, 907 F.3d 347, 353–54 & nn. 10–11 (5th Cir. 2018).

No. 19-31061

Thus, Stovall has failed to carry his burden to demonstrate the inadequacy of the § 2255 remedy.  *See Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

Accordingly, the district court's dismissal of the § 2241 petition is AFFIRMED.