# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2021

Lyle W. Cayce
Clerk

No. 20-30655
Summary Calendar

Adrian C. Branham,

*Petitioner—Appellant*,

*versus*

C. McConnell, *Warden*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-393

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Adrian C. Branham, federal inmate # 12756-021 was convicted of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, three counts of substantive Hobbs Act robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, and three counts of brandishing a firearm

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30655

during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 following a jury trial. He was sentenced to 1,644 months of imprisonment.

Branham argues that he was convicted of conspiracy to commit the predicate Hobbs Act robbery offenses for the purpose of the § 924(c) counts, which is a nonexistent offense in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and he is therefore entitled to relief under the savings clause of § 2255(e). Generally, challenges to a sentence's execution are made under § 2241, and challenges seeking to vacate a conviction or sentence are made under § 2255. *See Tolliver v. Dobre*, 211 F.3d 875, 877 (5th Cir. 2000). Pursuant to the savings clause of § 2255(e), however, a petitioner may proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The savings clause is satisfied when a prisoner's claim "is based on a retroactively applicable Supreme Court decision which establishes . . . petitioner may have been convicted of a nonexistent offense and . . . was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Resquena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Branham cannot satisfy this standard.

The predicates for Branham's § 924(c) convictions are substantive Hobbs Act robberies, which are crimes of violence under § 924(c)(3)(A) (elements clause). *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert denied* 139 S. Ct. 1299; *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). Branham's conspiracy conviction was not the basis of his § 924(c) convictions; accordingly, whether it is a crime of violence under *Davis* is irrelevant. As a result, Branham failed to carry his burden to

2

No. 20-30655

demonstrate the inadequacy of the § 2255 remedy, and the district court did not err in concluding it lacked jurisdiction.

The judgment of the district court is AFFIRMED. Branham's motion for judicial notice is GRANTED.