# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10476

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DERRICK LENARD SMITH,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The subject of this appeal is Defendant-Appellant Derrick Lenard Smith's crime of violence (COV) convictions under Counts Three, Five, Seven, and Nine, in violation of 18 U.S.C. § 924(c). Smith was convicted on four counts of using and carrying a firearm during a bank robbery and a subsequent shootout with law enforcement.[1] The district court sentenced Smith to a sentence of 1,320 months, and we affirmed. *See United States v. Smith*, 296 F.3d 344, 349 (5th Cir. 2002).

---

[1] The factual and procedural history is chronicled in *United States v. Smith*, 296 F.3d 344, 345–46 (5th Cir. 2002).

No. 18-10476

Fourteen years into his sentence, Smith filed a 28 U.S.C. § 2255 motion seeking vacatur of this sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which rendered a residual clause similar to the one found in § 924(c)(3)(B) unconstitutionally vague. *Johnson*, 135 S. Ct. at 2257, 2263. As a result, Smith contended that his § 924(c) convictions were no longer valid. The district court denied the § 2255 motion, relying on our precedent (at the time) that foreclosed vagueness challenges to § 924(c)(3)(B).[2] The district court also concluded that § 924(c)(3)(B) was not unconstitutionally vague. Smith appealed, and we granted a certificate of appealability.

Although the Supreme Court abrogated the precedent that the district court relied on in denying this § 2255 motion, we nonetheless AFFIRM the district court's ruling on alternative grounds.

I.

In an appeal from the denial of a § 2255 motion, we apply de novo review to legal questions such as the characterization of an offense as a COV. *See United States v. Reece*, 938 F.3d 630, 633 (5th Cir. 2019). We nevertheless have the discretion to affirm the district court's § 2255 ruling on alternative grounds. *See Sealed Appellee v. Sealed Appellant*, 900 F.3d 663, 666 (5th Cir. 2018).

II.

Smith maintains that the district court's conclusion for denying his § 2255 motion is no longer valid because *United States v. Davis*, 139 S. Ct. 2319 (2019), rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional. We agree.

---

[2] *Cf. United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) (relying on *United States v. Gonzalez-Longoria*, 831 F.3d 670, 675 (5th Cir. 2016) (en banc), *cert. granted, judgment vacated*, 138 S. Ct. 2668 (2018) (Mem.), *and abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)).

No. 18-10476

As an initial point, 18 U.S.C. § 924(c) penalizes "any person who, during and in relation to any [COV] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Section 924(c) is part of a larger statute imposing sentencing enhancements, provided the defendant commits a predicate COV. "The statute contains two clauses defining COV": a felony offense that (1) "'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'" (the elements clause), or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). *Reece*, 938 F.3d at 632 (quoting 18 U.S.C. § 924(c)(3)(A), (B)).

## A. The Residual Clause

The Supreme Court recently made clear that the § 924(c)(3)(B) residual clause was unconstitutionally vague.[3] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Because *Davis* invalidated the residual clause, Smith may "avail himself of [*Davis*'s] protection." *Reece*, 938 F.3d at 635 (holding that the rule announced in *Davis* applies retroactively).

Here, considering the merits of Smith's petition, he is correct that, in light of *Davis*, the district court relied on case law that has since been overruled by the Supreme Court. However, Smith's firearms convictions can still be sustained if the predicate offenses—bank robbery (in violation of 18 U.S.C. § 2113) and attempted murder (in violation of 18 U.S.C. § 1114)—can be defined as a COV under the elements clause contained in § 924(c)(3)(A).

---

[3] Several years earlier, in *Johnson v. United States*, the Supreme Court stroke down the residual clause definition of a "violent felony" in the Armed Career Criminal Act (the "ACCA") as unconstitutionally vague. 135 S. Ct. 2551, 2555–57. The ACCA and § 924(c)(3)(B) residual clauses are identical in language; hence, why both suffer from the same vagueness problems.

No. 18-10476

## B. The Elements Clause

The government's position is that Smith's bank robbery and attempted murder predicate convictions qualify as COVs under the elements clause because both require "the use, threatened use, [or] attempted use of physical force." We agree with the Government.[4]

To qualify as a COV, the predicate offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The phrase "physical force" in § 924(e)(2)(B)(i)'s identically worded force clause "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010).

In deciding whether a crime falls within the ambit of § 924(c)(3)(A), we are guided by the categorial approach. *See United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017). This approach provides that we only analyze the elements of Smith's predicate offenses,[5] rather than the facts, and compare those elements to "the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of Smith's predicate offenses necessarily involve "the use, attempted use, or threatened use of physical force against the person or

---

[4] On appeal, Smith is mum as to whether his predicate offenses are COVs under § 924(c)(3)'s elements clause. His position is that because this elements clause alternative was not before the district court, the government forfeited its opportunity to raise it before us. We disagree. As an initial point, the record reflects that the elements clause was before the district court and Smith actually addressed this alternative in his original briefing. Regardless, we are reviewing Smith's § 2255 motion de novo and may affirm or deny on alternative grounds not presented to the district court, if this were the case. *See Sealed Appellee*, 900 F.3d at 666.

[5] "Elements," for purposes of categorical analysis, "are what the jury must find beyond a reasonable doubt to convict the defendant." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

property of another," then his predicate offenses may be treated as COVs for sentence-enhancement purposes.

This categorical approach is employed "when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the statute at issue is divisible—that is, if it "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes'"—"we [employ the modified approach which we first] determine which crime formed the basis of the defendant's conviction." *Descamps*, 570 U.S. at 263–64 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009). Once the charged crime is ascertained, we then do a categorical approach analysis, *i.e.*, compare the generic crime's elements to those disjunctive elements that formed the basis of the conviction. *See id.* at 260−63 ("[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.").

### 1. Aggravated Bank Robbery

We first look to Smith's predicate aggravated bank robbery conviction in violation of 18 U.S.C. § 2113(a) and (d). As we previously stated, "§ 2113(a) constitutes a crime of violence" under Section 924(c)(3)(A)'s elements clause. *United States v. Pervis*, 937 F.3d 546, 553 (5th Cir. 2019); *see also United States v. Cheers*, 760 F. App'x 272, 273–74 (5th Cir. 2019) (per curiam) (same with regard to a predicate offense of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d)). In turn, because Smith's federal bank robbery offense is a COV under the elements clause, his firearm convictions survive Smith's habeas challenge. *See Reece*, 938 F.3d at 637 ("Federal bank robbery constitutes a COV" under § 924(c)(3)(A) "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.'") (quoting *United States v. Cadena*, 728 F. App'x 381, 382 (5th Cir. 2018) (per curiam)).

No. 18-10476

2. Attempted Murder

Turning to Smith's attempted murder conviction in violation of 18 U.S.C. § 1114(3), Smith contends the elements clause cannot be applied retroactively. We disagree. *Cf. Reece*, 938 F.3d at 635–37 (deciding, in the first instance, whether the predicate conspiracy offense was a COV under the elements clause). Smith fails to otherwise refute the assertion that attempted murder under § 1114 is a COV.

The Government maintains this conviction should be considered as a COV because this offense trails the offense of federal murder, 18 U.S.C. § 1111, which has an element the use of physical force. In other words, because attempted murder is as much a crime of violence as murder itself. We agree.

We have not previously characterized attempted murder as a COV under § 924(c)(3)'s elements clause. We therefore take this opportunity to do so.

*Modified Approach.* First, we note that it is appropriate to employ the modified approach here because § 1114 is a divisible statute. By its plain language, this statute makes it a crime to "kill[] or attempt[] to kill any officer or employee of the United States . . .," which may be accomplished through several enumerated offenses, each of which provides separate elements and punishments. *See* 18 U.S.C. 1114(1)−(3) (containing the enumerated offenses for murder, manslaughter, or attempted murder); *accord Descamps*, 570 U.S. at 263.

Having decided § 1114 is divisible, we now ascertain which portions of the statute served as a basis of conviction. *See Descamps*, 570 U.S. at 257. In doing so, the Supreme Court permits us to consider the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Upon review of Smith's Superseding Indictment, it is fairly straightforward that the precise basis of

No. 18-10476

Smith's conviction is attempted murder because he was charged with and convicted of three counts (Four, Six, Eight) of attempting to kill three individuals who were assisting federal law officers. Consequently, § 1114(3) is the portion of the statute applicable here.

Accordingly, we compare the elements of 18 U.S.C. §§ 1114(3), 1113 (the enumerated statute for attempted murder), to the definition of a "crime of violence" found in § 924(c)(3).

*Crime of Violence Qualification.* "[T]o be guilty of an attempted killing under 18 U.S.C. § 1114, he must have taken a substantial step towards that crime and must also have had the requisite *mens rea.*" *Braxton v. United States*, 500 U.S. 344, 349 (1991) (emphasis in original).

The question now becomes whether the Government is required to prove any element regarding the use, attempted use, or threatened use of physical force, in order to convict Smith (or any defendant) of attempted murder under § 1114(3). "[T]he clause has two key terms: 'use' and 'physical force.'" *United States v. Reyes-Contreras*, 910 F.3d 169, 185 (5th Cir. 2018) (en banc) (analyzing U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (2014), which is nearly identical to the elements clause). The phrase "physical force" means "*violent* force—that is force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original). "Applying those precedents together, then, a person uses physical force when he knowingly or intentionally applies or employs a force capable of causing physical pain or injury." *Reyes-Contreras*, 910 F.3d at 185. "And none of this 'demand[s] that the person applying force have the purpose or practical certainty that it will cause harm, [but merely] the understanding that it is substantially likely to do so.'" *Id.* (quoting *Voisine v. United States*, S. Ct. 2272, 2279 (2016)).

Using the foregoing as guideposts, it is clear that this offense meets this COV benchmark. *United States v. Castleman* provides clarity. 572 U.S. 157,

169 (2014). In *Castleman*, the Supreme Court considered the "crime of violence" definition of 18 U.S.C. § 922(g)(9), which is nearly identical to the elements clause as it requires that an offense have "as an element, the use or attempted use of physical force." *Id*. at 1409 (quoting § 921(a)(33)(A)(ii)); *cf*. 18 U.S.C. § 924(c)(3). Pointing to *Johnson I*, the High Court explained that "'physical force' . . . encompasses even its indirect application." *Id*. (quoting *Johnson I*, 559 U.S. at 138). The fact "[t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id*. Consequently, the Court held that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id*. at 170. It is the specific intent of the attempt in completing the commission of a violent crime, here, being murder, that is most important.

Smith was convicted of having the specific intent and taking a substantial step toward causing the death of a federal agent. "'Common sense dictates that murder is categorically a [COV] under the force clause.'" *Reyes-Contreras*, 910 F.3d at 187 n.38 (quoting *In re Irby*, 858 F.3d 231, 237 (4th Cir. 2017)); *In re Amawi*, 780 F. App'x 301, 306 (6th Cir. 2019) ("It cannot be seriously argued that murder is anything other than a crime of violence.").

"When a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence." *United States v. Dominguez*,—F.3d—, 2020 WL 1684084, at *8 (9th Cir. Apr. 7, 2020). Other sister circuits follow this line of reasoning. *See Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017), *cert. denied*, 139 S. Ct. 352 (2018) (considering Illinois's attempted murder statute and holding that "[w]hen a substantive offense would be a violent felony under § 924(e) [under Armed Career Criminal Act (ACCA)] and similar statutes, an attempt to commit that offense is also a violent felony."); *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018) ("Given . . . the rule that conviction of attempt requires proof

of intent to commit all elements of the completed crime, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A).") (internal quotation and citation omitted).

We see no reason to depart from the foregoing logic and accordingly join those circuits that have recognized the assertion that a predicate attempt offense that includes the specific intention to commit a COV and a substantial step in an effort to bring about or accomplish that COV, is in and of itself a COV under the elements clause.

Smith's attempted murder conviction is therefore by extension a COV. *Accord James v. United States*, 550 U.S. 192, 208 (2007) (noting in the ACCA context that attempted murder is a "prototypically violent crime"), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2251 (2015).  Even if Smith's substantial step was a nonviolent act to cause another's death, that act is an attempt to commit a COV, which is sufficient to satisfy the elements clause's "physical force" requirement. *See United States v. Calderon-Pena*, 383 F.3d 254, 271 (5th Cir. 2004) (en banc) (per curiam) (Smith, J., dissenting) ("Attempted murder may be undertaken by other than attempts to cause 'bodily' or 'physical' contact, yet no court reasonably would hold that attempted murder is a crime that does not involve the 'attempted use of physical force against the person of another.'"), *overruled on other grounds by Reyes-Contreras*, 910 F.3d at 184; *accord Dominguez*, at *8 (concluding that attempted Hobbs Act robbery is a COV because "[a] criminal who specifically intends to use violence, and then takes a substantial step toward that use, has, by definition, attempted a violent crime, albeit an uncompleted one.").

Given that attempted murder invariably requires the actual, attempted, or threatened use of physical force, Smith's predicate § 1114 conviction fits the § 924(c)(3) prism as a COV.

No. 18-10476

Because we find that Smith's § 2113 and § 1114 convictions qualify as COVs under § 924(c)(3)(A), *Davis* does not impact his convictions.

### III.

For the foregoing reasons, we AFFIRM the district court's denial of Smith's § 2255 motion regarding Smith's predicate aggravated bank robbery and attempted murder convictions, on the foregoing alternative grounds.