# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2021

Lyle W. Cayce
Clerk

No. 18-60661
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Robbie Kendall,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:18-CV-105

Before Weiner, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Michael Robbie Kendall, federal prisoner # 11097-042, was convicted of (1) first-degree murder within a special territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7 and 1111, and (2) use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and (j)(1).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60661

He filed a 28 U.S.C. § 2255 motion, which the district court dismissed as time barred and alternatively denied on the merits.

On appeal, Kendall asserts that his § 2255 motion was timely under 28 U.S.C. § 2255(f)(3) based on the Supreme Court deciding *United States v. Davis*, 139 S. Ct. 2319 (2019), while his motion for a certificate of appealability was pending. He also asserts that his conviction and sentence under § 924(c) are unconstitutional in light of *Davis* because the predicate offense of first-degree murder, in violation of § 1111, no longer qualifies as a crime of violence under § 924(c)(3).

We need not reach the timeliness issue because Kendall is not entitled to relief on the merits.  In *United States v. Smith*, 957 F.3d 590 (5th Cir.), *cert. denied*, 2020 WL 6551848 (U.S. Nov. 9, 2020) (No. 20-5871), we concluded that "attempted murder invariably requires the actual, attempted, or threatened use of physical force." Accordingly, it follows that Kendall's first-degree murder conviction necessarily qualifies as a crime of violence under § 924(c)(3)(A). *See id.* at 596.

Accordingly, the judgment of the district court is AFFIRMED.