# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2021

Lyle W. Cayce
Clerk

No. 21-20068
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT CHARLES WOOTEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-333-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Robert Charles Wooten appeals his conviction of five counts of brandishing a firearm during a crime of violence ("COV"). Wooten was found guilty on those five counts after jurors first found him guilty of five predicate counts of interference with commerce by robbery.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20068

Prior to trial, Wooten moved to dismiss the firearms charges on the ground that interference with commerce by robbery, Hobbs Act robbery, is not categorically a COV. *See* 18 U.S.C. § 1951(a). The motion was denied. This court reviews *de novo* the denial of a motion to dismiss counts in an indictment. *United States v. Cline*, 986 F.3d 873, 875–76 (5th Cir. 2021).

A defendant's sentence is governed by 18 U.S.C. § 924(c)(1)(A)(ii) if he or she has brandished a firearm during and in relation to a COV. The relevant definition of a COV in this case is found in the "elements clause": a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

We have previously held that Hobbs Act robbery is a COV under the elements clause and may be a predicate conviction for sentencing under Section 924(c)(1)(A)(ii). *See United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017). The Supreme Court invalidated a different COV definition as being unconstitutionally vague, but we have held that the definition relying on the elements of the offense is still sound. *United States v. Smith*, 957 F.3d 590, 592–93 (5th Cir.), *cert. denied*, 141 S. Ct. 828 (2020) (analyzing the invalidation of Section 924(c)(3)(B) in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019)). Wooten argues that whether Hobbs Act robbery is a COV is an open question because the Supreme Court has granted a writ of certiorari to consider a sister circuit's holding that attempted Hobbs Act robbery is not a COV. *See United States v. Taylor*, 979 F.3d 203, 208 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 2882 (2021). One of Wooten's five counts of conviction under the Hobbs Act was for an attempt. Nonetheless, until the Supreme Court has made a holding to the contrary, we apply our circuit precedent. *See Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986). To the extent that Wooten is making a vagueness challenge to the elements clause, an issue he did not raise in the district court, he fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). AFFIRMED.