# United States Court of Appeals for the Fifth Circuit

No. 21-40759
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC RICHARD GARZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-5-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Eric Richard Garza was charged with one count of Hobbs Act robbery and one count of discharging a firearm during the commission of a crime of violence. Garza was convicted after a jury trial. Garza asserts four errors on appeal. We AFFIRM in part and VACATE and REMAND for resentencing.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-40759

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, Eric Richard Garza was arrested for attempted armed robbery of Central Watch and Clock Repair in Corpus Christi, Texas. A few days prior to his arrest, Garza and his friend, co-defendant Christopher Rangel-Musial, drove to this store to sell a Rolex watch. The two negotiated the sale with the store owner, Ambrose Denvir, who bought the watch for $600. With that money, Rangel-Musial paid for a hotel room for himself and his girlfriend, Belizia Pineda. He also paid Garza for driving him.

On the day of the robbery, Garza picked up Rangel-Musial and Pineda from the hotel. Rangel-Musial told Garza he did not have the money to pay for a new hotel room. According to Rangel-Musial, Garza suggested they could rob the watch store, and Rangel-Musial agreed. Garza drove the three of them to the store. Garza and Rangel-Musial went inside while Pineda stayed in the vehicle.

The store owner, Ambrose Denvir, later testified that when the two entered his store, he heard the motion detector alarm and saw "two men were already around [his] counter and standing in the doorway to [his] workshop pointing a gun at" him. He also testified that the two men "looked like the same two men who sold [him] the Rolex watch a week earlier." Denvir turned to obtain a gun from his vault. Rangel-Musial then shot Denvir twice, once in the abdomen and once in the back. Despite being shot twice, Denvir still managed to retrieve his gun and returned fire on the men, shooting Rangel-Musial twice. Garza and Rangel-Musial fled, and Denvir called the police.

Garza drove Rangel-Musial and Pineda to the hospital so Rangel-Musial could receive treatment for his injuries. Garza left the hospital. Subsequently, police arrived at the hospital and arrested Rangel-Musial and Pineda. After viewing surveillance footage from the watch store, the police

2

No. 21-40759

obtained the make, model, and license plate number of Garza's vehicle. Later that evening, police stopped Garza's vehicle and performed a "high-risk vehicle stop" with multiple police units. They arrested Garza, then inspected his vehicle and found a "significant amount of blood."

In February 2019, a grand jury for the United States District Court for the Southern District of Texas indicted Garza for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 and § 2 (count one), and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 2 (count two). Garza's jury trial began in June 2021. During *voir dire*, the district court asked prospective jurors whether they had ever been a victim of a crime and whether they, or their family, had ever worked in prosecution or law enforcement. For those who responded affirmatively, the judge asked additional questions. Counsel then conducted their own questioning. Relevant here, Garza's counsel asked some of the prospective jurors whether they, or their family or friends, had been crime victims, whether there should be greater gun control laws, and whether they believed the criminal justice system was too lenient. Defense counsel did not object to the seating of any of the 12 jurors who were selected.

At the close of trial, the district court instructed jurors that, in order to convict Garza of discharging a firearm during a crime of violence, they needed to find Garza committed the offense of attempted Hobbs Act robbery as charged in count one. The district court further instructed jurors that Hobbs Act robbery qualified as a crime of violence. The jury found Garza guilty on both counts.

The district court sentenced Garza to 78 months of imprisonment for count one and 120 months of imprisonment for count two, served consecutively, and a total of five years of supervised release. Garza filed a timely notice of appeal.

No. 21-40759

DISCUSSION

In his initial brief, Garza argues (1) the district court abused its discretion in conducting *voir dire*, (2) his trial counsel rendered ineffective assistance, and (3) the evidence was insufficient to support his convictions. Garza later filed an unopposed motion for leave to file a supplemental brief, which this court granted. In his supplemental brief, Garza argues his Section 924(c) conviction is invalid because attempted Hobbs Act robbery is not a crime of violence according to the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), decided after Garza's trial and after his initial brief was filed.

We first discuss whether the Section 924(c) attempted Hobbs Act robbery conviction is a crime of violence. Because Garza did not raise this issue in the district court or in his initial briefing, the issue was forfeited. *See United States v. Vasquez*, 899 F.3d 363, 372 (5th Cir. 2018). Our review is therefore limited to plain error. *Id.* at 372–73. To establish plain error, "a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights." *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). Even if those three elements are satisfied, we have discretion to "remedy the error only if it (4) 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Section 924(c)(1) sets forth the penalties for anyone who possesses a firearm in furtherance of a crime of violence or uses or carries a firearm "during and in relation to" a crime of violence, with heightened penalties when, as here, the firearm was discharged. 18 U.S.C. § 924(c)(1)(A). A crime of violence under Section 924(c) is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). Subpart (B) of that

4

subsection, which refers to "a substantial risk that physical force" will be used, was declared to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019); *see also United States v. Smith*, 957 F.3d 590, 592–93 (5th Cir. 2020) (defining a crime of violence in light of *Davis*).

> Robbery under the Hobbs Act is
>
> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . . .

18 U.S.C. § 1951(b)(1). In *Taylor*, the Supreme Court held that a conviction for attempted Hobbs Act robbery requires the Government to prove "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." 142 S. Ct. at 2020. Attempted Hobbs Act robbery, though, does not necessarily involve the use, attempted use, or threatened use of force and, thus, does not constitute a Section 924(c) crime of violence. *Id.* Accordingly, Garza's attempted Hobbs Act robbery conviction is not a crime of violence to support his Section 924(c) conviction, which rested entirely upon attempted Hobbs Act robbery as the predicate crime of violence. This error was plain. It also affected Garza's substantial rights by subjecting him to a greater sentence. We exercise our discretion and vacate Garza's sentence on count two and remand for resentencing.

Garza presents three other issues on appeal. First, Garza asserts the district court abused its discretion during *voir dire* because his jury was composed of victims of crimes similar to the one here. Garza claims the district court abused its discretion by impaneling these jurors, which affected his substantial right to a fair trial and impartial jury guaranteed by the Sixth and Fourteenth Amendments.

"A district court has broad discretion in assessing a potential juror's impartiality during *voir dire*, a decision we will not overturn absent a clear abuse of discretion." *United States v. Dejean*, 988 F.3d 813, 816 (5th Cir. 2021) (quotation marks and citations omitted). "In reviewing claims of this type, the deference due to district courts is at its pinnacle." *Id.* (quotation marks and citation omitted). Here, the record confirms that the district court's questioning of the prospective jurors "was thorough and was designed to elicit the information required for the informed exercise of peremptory challenges by counsel and for the court to rule on the issue of challenges for cause." *United States v. Garza*, 574 F.2d 298, 303 (5th Cir. 1978). The court asked appropriate questions and followed up when necessary to determine whether a potential juror could be impartial and fair. Garza's counsel had ample opportunity to question the prospective jurors, which they did. Further, Garza did not challenge for cause any of the prospective jurors he now challenges on appeal. No objections were made during *voir dire* regarding the impaneled jury. There was no abuse of discretion.

Second, Garza argues his trial counsel was ineffective for failure to challenge these prospective jurors during *voir dire*. This claim was not raised before the district court. "[A] claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (quotation marks and citation omitted). We review claims of ineffective assistance on direct appeal "[o]nly in those rare occasions where the record is sufficiently developed," and the claim can be fairly evaluated from the record. *Id.* That is not the case here because "the district court did not hold a hearing and the record does not provide sufficient detail about trial counsel's conduct and motivations to allow this court to make a fair

evaluation of the merits of the defendant's claim." *Id.* (quotation marks, alterations, and citation omitted). Accordingly, we deny Garza's appeal on this issue without prejudice to collateral review.

Third, Garza argues there was insufficient evidence to establish the burden of proof for Hobbs Act robbery. We review a sufficiency of the evidence challenge *de novo*, but review "is highly deferential to the verdict." *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013) (quotation marks and citation omitted). Overwhelming evidence supports Garza's convictions — two witnesses (Rangel-Musial and Pineda) testified against him and described his involvement in the crime, and the victim of the crime testified about the encounter. Garza challenges Rangel-Musial's and Pineda's credibility on appeal because they "both have been convicted of moral turpitude crimes." This challenge fails, though, because "[t]he credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993). We conclude a rational jury could find beyond a reasonable doubt that Garza participated in the attempted Hobbs Act robbery.

We AFFIRM other than as to the sentence on count two. We VACATE that sentence and REMAND for resentencing.