# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2023

Lyle W. Cayce
Clerk

No. 22-20397

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Salomon Madrid-Paz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-345-1

_____

Before Jones, Stewart, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Jose Salomon Madrid-Paz ("Madrid-Paz") challenges his conviction and sentence stemming from his involvement in a series of armed robberies. Because we find no reversible error, we AFFIRM.

## I.

Madrid-Paz was part of a "rip crew" that committed armed robberies of gaming rooms and retail businesses. He was charged with (1) one count of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20397

conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a); (2) four counts of aiding and abetting Hobbs Act robbery under 18 U.S.C. § 1951(a);[1] and (3) five counts of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c).[2]

Madrid-Paz moved to dismiss the § 924(c) counts of the indictment, arguing that substantive Hobbs Act robbery is not a crime of violence under § 924(c)(3) as a matter of law and that Hobbs Act robbery, therefore, was not a valid predicate to support a conviction under § 924(c). He argued that conspiracy to commit Hobbs Act robbery is not a separate offense from Hobbs Act robbery, but rather a manner or means of committing the indivisible offense of Hobbs Act robbery. Thus, he asserted that substantive Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause because conspiracy to commit Hobbs Act robbery is not a crime of violence.

The district court denied his motion and reasoned that Hobbs Act conspiracy is its own offense separate and apart from Hobbs Act robbery, not a manner or means of satisfying the elements of Hobbs Act robbery. Madrid-Paz then pleaded guilty to two counts of aiding and abetting Hobbs Act robbery and two counts of aiding and abetting violations of § 924(c)(1)(A)(ii), pursuant to a plea agreement. The plea agreement included a waiver of his right to appeal. The district court sentenced Madrid-Paz to a total of 312 months in prison, imposing concurrent terms of 144 months on the aiding

---

[1] The indictment stated that Madrid-Paz and his co-defendants sought to commit robberies in violation of 18 U.S.C. §§ 2, 1951(a).

[2] One count applied to each of the four counts for aiding and abetting Hobbs Act robbery charged. The final count is applied to the one count for conspiracy to commit a Hobbs Act robbery.

No. 22-20397

and abetting Hobbs Act robbery charges and consecutive terms of 84 months on the § 924(c) charges. He timely appealed.

On appeal, Madrid-Paz challenges whether substantive Hobbs Act robbery is a crime of violence under § 924(c), arguing that conspiracy to commit and attempted Hobbs Act robbery are manners or means of committing substantive Hobbs Act robbery.[3]

## II.

This court reviews the legal question of whether a predicate offense qualifies as a crime of violence under § 924(c) de novo. *See United States v. Smith*, 957 F.3d 590, 592 (5th Cir. 2020). Section 924(c)(3)(A), also known as the elements clause, sets the requirements for which predicate offenses qualify as a crime of violence. *Id.* at 592–93. It states that a felony offense is a crime of violence if it "has as an element, the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The Supreme Court recently made clear that attempted Hobbs Act robbery is not a crime of violence. *United States v. Taylor*, 142 S. Ct. 2015, 2020–21 (2022). The *Taylor* Court determined that "attempted Hobbs Act robbery does not satisfy the elements clause" because the Government is not required to prove that a defendant "used, attempted to use, or even threatened to use force against" another or their property to achieve a conviction for attempt. *Id.* at 2020. However, the law of this circuit and our sister circuits demonstrate that substantive "Hobbs Act robbery is a crime of violence under the elements clause." *United States v. Hill*, 63 F.4th 335, 363

_____

[3] Madrid-Paz's plea agreement included an appeal waiver. However, the Government has stated that it "is not asserting the waiver and accordingly this Court need not address its scope."

3

No. 22-20397

(5th Cir. 2023). In numerous cases, this court has rejected different formulations of the same argument that substantive Hobbs Act robbery cannot qualify as a crime of violence.[4]

The most recent iteration occurred in *United States v. Hill*, where the panel determined that aiding and abetting Hobbs Act robbery constitutes a crime of violence that is a valid predicate offense for § 924(c). 63 F.4th at 363. The *Hill* panel noted that "the substantive equivalence of aiding and abetting liability with principal liability means that aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence." *Id.* Thus, the panel concluded that aiding and abetting Hobbs Act robbery is a valid predicate offense for § 924(c). *Id.*

*Hill* controls the outcome here. Madrid-Paz pleaded guilty to two counts of aiding and abetting Hobbs Act robbery and two counts of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence under § 924(c). He now argues that substantive Hobbs Act robbery cannot qualify as a crime of violence under the elements clause because conspiracy to commit and attempted Hobbs Act robbery are manners or means of committing substantive Hobbs Act robbery. He maintains that because the Supreme Court has declared that attempted Hobbs Act robbery does not satisfy the elements clause, substantive Hobbs Act robbery cannot satisfy the elements clause either. In sum, he interprets § 1951(a) as prescribing one indivisible offense and not three separate offenses. This strained interpretation cannot be squared with our precedent.[5] Accordingly,

---

[4] *See United States v. Bowens*, 907 F.3d 347, 353–54 & nn.10–11 (5th Cir. 2018) (collecting cases rejecting the argument that substantive Hobbs Act robbery is not a crime of violence under § 924(c)).

[5] *See Hill*, 63 F.4th at 363; *see also United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); *Bowens*, 907 F.3d at 353 ("[B]inding circuit precedent

No. 22-20397

we reject Madrid-Paz's assertion that aiding and abetting Hobbs Act robbery is not a valid predicate offense for § 924(c).

## III.

For the foregoing reasons, we AFFIRM.

---

forecloses Bowens's claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A).”); 18 U.S.C. § 2 (“Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.”).