FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIAN SANDOVAL-FLORES,

    Defendant - Appellant.

No. 23-4019

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. Nos. 2:16-CV-00719-TC & 2:99-CR-00109-TC-1)**
_____

Benjamin C. McMurray, Assistant Federal Public Defender (Scott Keith Wilson, Federal Public Defender, with him on the briefs), Salt Lake City, Utah, for Defendant-Appellant.

Tyler L. Murray, Assistant United States Attorney (Trina A. Higgins, United States Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

While protecting a cache of drugs and money, Defendant Julian Sandoval-Flores opened fire on several law-enforcement officers. He shot one officer in the chest and head, but the officer's protective gear spared him from life-threatening injury. A federal grand jury indicted Defendant on a number of charges, including

multiple counts of attempted murder and of violating 18 U.S.C. § 924(c) by using a firearm in relation to a "crime of violence." Under an agreement with the government, he pleaded guilty to two counts of attempted murder and one count under § 924(c) (in which the predicate crime of violence was attempted murder), and he waived any future collateral attacks on his conviction or sentence. In return, the government dropped other charges against him and agreed not to bring charges against his son.

Despite his collateral-attack waiver, Defendant has repeatedly sought relief under 28 U.S.C. § 2255. In the present second-or-successive motion under § 2255, he asks us to set aside his conviction under § 924(c) on the ground that the trial court improperly ruled that attempted murder was a crime of violence.

Section 924(c) authorizes heightened criminal penalties for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1). The statute provides two alternative definitions for *crime of violence*. The first definition, referred to as the "elements clause," encompasses a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second definition, referred to as the "residual clause," encompasses a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

2

In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court invalidated the residual clause as unconstitutionally vague but did not call into question the alternative elements clause. Defendant contends that his conviction was based on application of the residual clause and therefore must be set aside.

Exercising jurisdiction under § 2255(d), we affirm the district court's denial of Defendant's successive § 2255 motion. We agree with the lower court that Defendant has failed to establish by the preponderance of the evidence that the trial court relied on the unconstitutional residual clause.

## I.   BACKGROUND

A grand jury indicted Defendant on four counts of attempted murder under 18 U.S.C. § 1114(a)(3); four counts of violating 18 U.S.C. § 924(c)(1); and one count of violating 18 U.S.C. § 922(g)(5), which prohibits an alien illegally in the United States from possessing a firearm. Complying with his agreement with the government, he pleaded guilty in July 2000 to two counts of attempted murder, one count of violating § 924(c)(1), and the § 922(g)(5) charge. The government dropped the remaining charges and promised not to prosecute his son for possession with intent to distribute controlled substances, perjury, or obstruction of justice. Defendant waived his right to appeal or collaterally attack his conviction or sentence, except for a right to appeal his sentence in limited circumstances. The court sentenced him to 450 months' imprisonment (later reduced to 385 months).

In 2002 and 2003 Defendant filed several (unsuccessful) motions under § 2255 to vacate his sentence. Then, after the Supreme Court ruled in *Davis* that the residual

3

clause in § 924(c)(1) is unconstitutional, he asked this court for authorization to file a second-or-successive § 2255 motion to vacate his conviction and sentence on that basis. *See United States v. Copeland*, 921 F.3d 1233, 1238 (10th Cir. 2019) (requiring defendant to "first obtain an order from the appropriate court of appeals authorizing the district court to consider the [successive] motion" (internal quotation marks omitted)); 28 U.S.C. §§ 2244(b)(3), 2255(h).

Because the Supreme Court made *Davis* retroactive to cases on collateral review through the combination of its holdings in *Davis* and *Welch v. United States*, 578 U.S. 120, 130 (2016), we granted Defendant the requested authorization. *See In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) (noting *Davis*'s retroactive application). But we left to the district court to consider the merits of his motion to vacate, including the "existence or applicability of any plea-agreement waiver." Order at 2 n.1, *In re Sandoval-Flores*, No. 16-4064 (10th Cir. Feb. 6, 2020).

The district court denied Defendant's § 2255 motion. *See Sandoval-Flores v. United States*, No. 2:16-cv-719-TC, 2022 WL 17740409, at *2 (D. Utah Dec. 16, 2022). It first concluded that the collateral-attack waiver in his plea agreement barred any relief. *See id*. at *2–5. But because of "uncertainty in Tenth Circuit law" the district court also addressed remaining issues in the case. *Id.* at *2. It held that Defendant failed to satisfy § 2255(h)'s requirements because he had not shown that the sentencing court relied on the now-invalid residual clause. *See id.* at *5–8. And even if the sentencing court had so relied, the district court concluded that any error was harmless because, despite the unconstitutionality of the residual-clause definition

4

of *crime of violence* in § 924(c)(3)(B), attempted murder is still a *crime of violence* under the alternative definition of the term in the elements clause of § 924(c)(3)(A). *See id.* at *11. Finally, the district court denied Defendant a certificate of appealability (COA) under 28 U.S.C § 2253(c)(1)(B). *See id.* at *11. Defendant then obtained a COA from this court.[1]

## II.    DISCUSSION

On appeal from a district court's denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error.[2] *See United States v. Driscoll*, 892 F.3d 1127, 1130 (10th Cir. 2018). We need not address all the grounds on which the district court denied relief because we can affirm on the

---

[1] Although we believe that our COA encompassed our review of whether Defendant showed that the trial court relied on the residual clause, we now grant, out of an abundance of caution, a COA on that issue, which has been briefed on appeal by both parties.

[2] We recognize that this court has stated that if the district court did not conduct an evidentiary hearing from which it made findings, we review the district court's rulings de novo. *See, e.g.*, *United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019); *United States v. Spaeth*, 69 F.4th 1190, 1204 (10th Cir. 2023). Although this standard of review is not at issue here because the district court conducted an evidentiary hearing, it appears to be in some tension with Fed. R. Civ. P. 52(a)(6), which states, "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous." *See also* Rule 12 of Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"). "Rule 52(a) does not make exceptions or purport to exclude certain categories of factual findings from the obligation of a court of appeals to accept a district court's findings unless clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (internal quotations marks omitted). "This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." *Id.*

district court's alternative holding that Defendant had not shown that the sentencing court relied on the now-invalid residual clause.

Defendant "bears the burden of proving by a preponderance of the evidence that it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *United States v. Cooper*, 159 F.4th 768, 772–73 (10th Cir. 2025) (internal quotation marks omitted). As the district court determined, and the government argues, Defendant has failed to show that the sentencing court more likely than not relied on the residual clause to enhance his sentence.

One way that a defendant may satisfy his burden is by pointing to a reference to § 924(c)'s residual clause in the sentencing record, such as the presentence report or remarks at sentencing. *See Copeland*, 921 F.3d at 1242. (And, by the same token, specific reference to the applicability of the elements clause would likely be enough to defeat the defendant's claim.) Here, however, the parties agree that the sentencing record does not mention the residual clause.

Alternatively, even if the sentencing record is silent on the residual clause, the defendant may satisfy his burden by reference to "the relevant background legal environment at the time of sentencing." *Id.* at 1243. That is, he may use the background law to show that "the sentencing court must have relied on the residual clause." *Id.* (internal quotation marks omitted). The background law could demonstrate, for example, that the alternative of applying the elements clause may have been foreclosed. *See Cooper*, 159 F.4th at 773 ("reviewing court can conclude that the sentencing court must have relied on the residual clause" if the background

6

law "precluded use of the . . . elements clause[] for a particular conviction"). On the other hand, if "there would have been no need" for the trial court to rely on the residual clause at sentencing, "then the defendant has not shown it is more likely than not [that] the sentencing court relied on the residual clause." *Id.* (internal quotation marks omitted).

The background legal environment is a "snapshot of what the controlling law was" at the time that the district court sentenced Defendant (here, 2001). *Copeland*, 921 F.3d at 1243 (internal quotation marks omitted). We have held that the caselaw to be reviewed for this inquiry includes opinions "holding that particular offenses qualify as [crimes of violence]" and those "instructing how to determine whether an offense qualifies." *Id.* (employing this approach to determine whether a crime would have been considered a "violent felony" under the Armed Career Criminal Act). Opinions in the first category are cited for their holdings, not their reasoning. We simply infer what the sentencing court was likely to do by observing what appellate courts do. The opinions in the second category, in contrast, tell us how the sentencing court was likely to think about an issue of first impression, even if none of the opinions specifically addressed the statute of concern (the one defining the predicate offense). Neither category of opinions helps Defendant.

Defendant's predicate offense for his § 924(c) conviction was attempted murder under 18 U.S.C. § 1114(a)(3), which penalizes "[w]hoever . . . attempts to kill any officer or employee of the United States . . . while such officer or employee is engaged in or on account of the performance of official duties." To complete an

attempt to kill under § 1114, a defendant must take a "substantial step towards that crime" and have "a specific intent" to kill. *Braxton v. United States*, 500 U.S. 344, 349–50 & n.* (1991).

To begin with, we and the parties have identified only one opinion predating Defendant's sentence that belongs in the first category. In *United States v. Luskin*, 926 F.2d 372, 373 (4th Cir. 1991), the defendant's predicate felony was 18 U.S.C. § 1952A (later redesignated without change as 18 U.S.C. § 1958). *See Luskin*, 926 F.2d at 379 n.3. That statute punishes "[w]hoever travels in or causes another . . . to travel in interstate or foreign commerce . . . with intent that a murder be committed." 18 U.S.C. § 1952(A) (1987). The defendant argued that § 1952A could not constitute a § 924(c) "crime of violence" because it "does not penalize any violent criminal act" and "instead . . . criminalizes the mere carrying of a firearm in interstate commerce with the intent to commit murder." *Luskin*, 926 F.2d at 379. The court rejected this argument, explaining that it "ignores the definition of a 'crime of violence' under section 924(c)," which includes statutes that criminalize even a *threatened* use of violence. *Id*. The court said that the defendant violated § 1952A "by travelling in interstate commerce three times with the intent to commit murder" and that "[t]his conduct certainly threatened the use of violence." *Id*. (The court also held that § 1952(A) was a crime of violence under the residual clause.)

Defendant responds that even if the holding of *Luskin*—namely, that attempted murder satisfies the elements clause—would otherwise support the government in this case, the reasoning of the *Luskin* opinion is faulty, rendering the opinion

8

"inapposite." Aplt. Reply Br. at 6. The flaw in *Luskin*, according to Defendant, is that it did not apply what is known as the "categorical approach" to analyze whether § 1952A was a crime of violence.

The categorical approach was first set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602 (1990) (addressing enhancement under 18 U.S.C. § 924(e) for having committed a "violent felony"). Under that approach, when determining whether a predicate crime is a crime of violence, courts do not consider the specific conduct of the defendant in committing the prior offense but look "only to the fact of conviction and the statutory definition of the prior offense." *Taylor,* 495 U.S. at 602. In doing so, courts compare the elements of the alleged crime (here, attempted murder under § 1114(a)(3)) to the applicable statutory definition of "crime of violence" (here, § 924(c)'s residual and elements clauses). *See United States v. Kendall*, 876 F.3d 1264, 1267 (10th Cir. 2017). And "if someone could be convicted of violating the statute [defining the charged crime] but not commit a crime of violence—the statute cannot categorically be considered a crime of violence." *Id.* at 1267–68 (emphasis omitted).

To be sure, *Luskin* did not explicitly apply the categorical approach. But whether *Luskin* explicitly applied the categorical approach is of no consequence because *Luskin's* reasoning would require the same result under that approach. Without considering any of the facts specific to the defendant's conduct in that case, the Fourth Circuit made the commonsense observation that when someone commits the elements of the charged offense—traveling in interstate commerce with intent to

commit murder—that person "*threaten[s]* the use of violence" against another within the meaning of § 924(c)'s elements clause. *Luskin*, 926 F.2d at 379 (emphasis added).

Nor can Defendant find help in the second category of relevant opinions. He has pointed to no material change in the years since imposition of his sentence that would alter how courts determine whether a statute defines a crime of violence. In other words, the relevant background legal environment at the time he was sentenced is identical to the relevant background legal environment today. And one can therefore readily infer the likelihood that a court would have determined in 2001 (when Defendant was sentenced) that attempted murder is a crime of violence under the elements clause simply by looking at what courts have done since then. *See Cooper*, 159 F.4th at 776 (appellate decisions rendered after a defendant's sentencing "do[] not establish the governing law at the time of sentencing, [but those decisions] nonetheless support[] our understanding of how courts [would have] interpreted [case law] at that time"). What we find does not help Defendant.

Defendant's predicate felony was attempted murder in violation of 18 U.S.C. § 1114(a)(3), which penalizes attempts to kill officers and employees of the United States engaged in their duties. Defendant has not pointed to, nor are we aware of, any appellate decisions holding that attempted murder is not a crime of violence under the elements clause of § 924(c)(3)(A). And several have held that it is. *See, e.g.*, *United States v. Pastore*, 83 F.4th 113, 120 (2d Cir. 2023) (because second-degree murder is a crime of violence, an attempt to commit that crime "is itself categorically a crime of violence"), *aff'd sub nom.*, *Delligatti v. United States*, 604 U.S. 423

10

(2025); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020) ("[A]ttempted murder invariably requires the actual, attempted, or threatened use of physical force"), *abrogation on other grounds recognized by United States v. Robinson*, 67 F.4th 742, 750–51 (5th Cir. 2023); *Rose v. United States*, 153 F.4th 664, 669 (8th Cir. 2025) ("If murder qualifies as the use of physical force, then attempted murder logically should qualify as the attempted use of physical force" (internal quotation marks omitted)); *Dorsey v. United States*, 76 F.4th 1277, 1283 (9th Cir. 2023) (applying categorical approach in determining that attempted murder is a crime of violence under § 924(c)(3)(A) because "[e]ven if the defendant took only a slight, nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient to satisfy" the statutory definition (internal quotation marks omitted)); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1347 (11th Cir. 2022) (since "the completed crime of murder has as an element the use of force, the attempt to commit murder has as an element the attempted use of force" (emphasis omitted)); *see also United States v. Báez-Martinez*, 950 F.3d 119, 132 (1st Cir. 2020) (under the Armed Career Criminal Act, "if murder requires violent force because death results, then attempted murder does, too, because the defendant attempted to reach that result").

The caselaw in this circuit is not to the contrary. Although there are no published Tenth Circuit opinions on the subject, an unpublished opinion has held that attempted murder is a § 924(c) crime of violence under the elements clause. *See United States v. Ivory*, 861 F. App'x 233, 237–38 (10th Cir. Jul. 6, 2021) (attempted

11

killing of a witness); *see also United States v. Rayford,* 840 F. App'x 393, 394 (10th Cir. Mar. 22, 2021) ("[W]hen a completed crime [bank robbery] has as an element the actual use of physical force, it stands to reason that any attempt to commit that completed crime necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause" (internal quotation marks omitted)); *United States v. Neely*, 763 F. App'x 770, 780 (10th Cir. 2019) (same, for attempted battery).

Defendant does make one effort to rely on background legal principles. But the effort fails. He points out that one can be guilty of attempting to commit a violent felony without using any physical force. He cites *United States v. Washington*, 653 F.3d 1251, 1264 (10th Cir. 2011) (to be guilty of an attempt, the only act one must commit is an act constituting "a substantial step towards commission of the substantive offense" (internal quotation marks omitted)), and *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985) (similar). But he ignores that the definition of *crime of violence* in the elements clause includes a felony that "has as an element the . . . attempted use . . . of physical force." 18 U.S.C. § 924(c)(3)(B). Perhaps one who has committed the crime of *attempting to commit* an offense that has as an element the use of physical force would not necessarily have committed an offense that has as an element *the attempted use* of physical force. But in the absence of any appellate precedent supporting such a conclusion, the probability is quite high that the court that sentenced Defendant would have found otherwise—in other words, it would have determined that attempted murder satisfies the elements clause.

Although Defendant contends that "the force of logic" supports his view that attempted murder is not a crime of violence, he admits that "the great weight of authority" is to the contrary. Aplt. Reply Br. at 1. Given the above case law, he has not established that the sentencing court more likely than not relied on the residual clause in sentencing him under § 924(c).

## III.    CONCLUSION

We **AFFIRM** the district court's dismissal of Defendant's motion under § 2255.